1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   JERRY KRAUS,                      No. 18-cv-682 WBS EFB

13            Plaintiff,

14       v.                            MEMORANDUM AND ORDER RE:
                                       MOTION TO DISMISS
15   SONOMA K, LLC, a California
     Limited Liability Company; JAMIE
16   KEITH PALOMO; PATRICIA DIANE
     LUNA; and DOES 1-10,
17
              Defendants.
18

19                          ----oo0oo----

20          Defendants move to dismiss this the Complaint in this

21   action under the Americans with Disabilities Act, 42 U.S.C. §

22   12101 *et seq.* and the Unruh Civil Rights Act, California Civil

23   Code §§ 51-53 for lack of subject matter jurisdiction pursuant to

24   Federal Rule of Civil Procedure 12(b)(1) and for failure to state

25   a claim upon which relief may be granted pursuant to 12(b)(6).

26          "Federal courts are courts of limited jurisdiction."

27   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

28
                                   1

1  (1994). "If the court determines at any time that it lacks

2  subject-matter jurisdiction, the court must dismiss the action."

3  Fed. R. Civ. P. 12(h)(3). Standing pertains to the court's

4  subject matter jurisdiction under Article III and may be

5  challenged in a motion to dismiss under Rule 12(b)(1). White v.

6  Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

7          Article III standing requires that a plaintiff "have

8  (1) suffered an injury in fact, (2) that is fairly traceable to

9  the challenged conduct of the defendant, and (3) that is likely

10 to be redressed by a favorable judicial decision." Spokeo, Inc.

11 v. Robins, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the

12 party invoking federal jurisdiction, bears the burden of

13 establishing these elements." Id. When the "case is at the

14 pleading stage, the plaintiff must clearly allege facts

15 demonstrating each element." Id. (quotation marks and

16 alterations omitted).

17         Defendants argue that plaintiff lacks standing on his

18 ADA claim because he has not sufficiently alleged that he

19 suffered an injury-in-fact. However, plaintiff alleges that he

20 personally encountered accessibility barriers when he visited the

21 Garage. (See Comp. ¶¶ 10, 13-9.) When he arrived at the Garage,

22 plaintiff noticed that there were seven parking spaces, but none

23 were marked or reserved for persons with disabilities, as

24 required by the ADA. (Id. ¶¶ 13-16, 27-33.) More specifically,

25 plaintiff alleges the parking lot does not meet the standards

26 outlined in the Americans with Disabilities Accessibility

27

28

Guidelines (ADAAG).[1] (Id.) Plaintiff alleges that the inaccessible parking lot denied him full and equal access and caused him difficultly, discomfort, and embarrassment. (Id. ¶ 19.)

Plaintiff further alleges that he plans to return once the barriers are removed, and is and has been deterred from returning to the Garage because of the barriers. (See id. ¶¶ 20,24.) These allegations are sufficient under Ninth Circuit law to establish that plaintiff has suffered an injury-in-fact. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (stating that if a barrier violating ADA accessibility guidelines relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, and satisfy the injury-in-fact requirement). The court does not read Spokeo to overrule or change the law of this Circuit on that question.

Defendants further argue that plaintiff lacks standing because plaintiff has not sufficiently alleged a likelihood of future injury as required to seek injunctive relief under the ADA. However, given the Garage's location and options, plaintiff alleges that he plans to return and patronize the Garage as a

---

[1] The ADAAG were promulgated by the United States Access Board and establish a national standard for minimum levels of accessibility in all new facilities or the remodeling of existing facilities. See Chapman, 631 F.3d at 948 n. 5 (citing Indep. Living Res. v. Or. Arena Corp., 982 F. Supp. 698, 714 (D. Or. 1997)); see also White v. Divine Investments, Inc., No. 04-cv-206 FCD DA, 2005 WL 2491543, at *4 (E.D. Cal. Oct. 7, 2005). "A disabled person who encounters a 'barrier,' i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA." Chapman, 631 F.3d at 948 n. 5 (citing 42 U.S.C. § 12182(b)(1)(A)(i)).

3

customer once the barriers are removed.  (Compl. ¶¶ 24, 33.)
Thus, plaintiff's allegations are sufficient to establish a "real
and immediate threat of repeated injury" in the future.  See
Chapman, 631 F.3d at 953 ("the threat of repeated injury in the
future is 'real and immediate' so long as the encountered
barriers either deter him from returning or continue to exist at
a place of public accommodation to which he intends to return").

     For the forgoing reasons, the court finds that
plaintiff has standing to bring this action will deny defendant's
motion to dismiss plaintiff's complaint pursuant to Rule
12(b)(1).[2]

     For the forgoing reasons, the court.  Accordingly, the
court will deny defendant's Motion to Dismiss Plaintiff's
Complaint.

     IT IS THEREFORE ORDERED that defendant Sonoma K's
Motion to Dismiss Plaintiff's Complaint (Docket No. 7) be, and
hereby is, DENIED.[3]

Dated:  July 10, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]    To the extent defendant also argues that plaintiff has
not pled sufficient facts to demonstrate standing and thus the
complaint should be dismissed pursuant to Rule 12(b)(6), the
court disagrees for the reasons addressed in its analysis
regarding defendant's motion to dismiss pursuant to Rule
12(b)(1).

[3]    Because the court does not dismiss plaintiff's federal
claim, the court will not address defendant's argument that the
court should decline to exercise supplemental jurisdiction over
plaintiff's Unruh Act claim.

4